[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10635
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20752-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS PEREYRA DIAZ,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(August 30, 2010)

Before BLACK, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Juan Carlos Pereyra Diaz appeals his 37-month sentence, which he received

after pleading guilty to importing 500 grams or more of cocaine, in violation of 21

U.S.C. § 952(a). On appeal, Pereyra asserts that the district court erroneously denied him a two-level minor-role sentencing reduction under the United States Sentencing Guidelines (U.S.S.G.) § 3B1.2(b). Specifically, Pereyra contends that the district court failed to properly apply the test for minor-role reductions set forth in *United States v. De Varon*, 175 F.3d 930 (11th Cir. 1999) (*en banc*).

The Guidelines permit a two-level reduction in the base offense level for a defendant who played a minor role in an offense. U.S.S.G. § 3B1.2(b). The defendant has the burden of establishing his entitlement to the reduction by a preponderance of the evidence. *De Varon*, 175 F.3d at 939. Whether a defendant is entitled to a minor-role reduction is "fundamentally [a] factual determination" that we review for clear error. *Id*. at 934, 938.

In determining whether a defendant is entitled to a minor role reduction, the district court engages in a two-part inquiry. *See id*. at 945. First, the district court must measure the defendant's actions against "the conduct for which [he] has been held accountable under U.S.S.G. § 1B1.3." *Id.* at 934. This inquiry will often be dispositive. *Id.* at 945. If a defendant's actual conduct is identical to the relevant conduct considered for sentencing purposes, the defendant cannot prove that an adjustment is appropriate "simply by pointing to some broader criminal scheme in

which [he] was a minor participant but for which [he] was not held accountable." *Id.* at 941.

As to the first step in the analysis, the district court in this case found "this is not a situation where [Pereyra] is a smaller part of a larger group. He *was* the criminal activity." (emphasis added.) Although Pereyra alleges that he was part of a larger scheme, he was held accountable only for importing cocaine, not for any broader conspiracy. As to his actual conduct, Pereyra admitted that he did, in fact, import 1,988 grams of cocaine into the United States. The district court, therefore, did not clearly err in finding that Pereyra's actual conduct was not minor, relative to the conduct for which he was held accountable. This determination was dispositive, and the court did not need to address the second prong of the test. *See De Varon,* 175 F.3d at 945.

The district court may advance to the second prong of the analysis only "where the record evidence is sufficient." *De Varon,* 175 F.3d at 934. If the record allows, the court may "measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant." *Id.* Not all participants are relevant, and two principles guide the district court in evaluating proposed comparators: (1) "the district court should look to other participants only to the extent that they are identifiable or discernable from the evidence"; and (2)

3

"the district court may consider only those participants who were involved in the relevant conduct attributed to the defendant. The conduct of participants in any larger criminal conspiracy is irrelevant." *Id.* at 944. Again, it is the defendant's burden to provide a record sufficient to demonstrate relevant discernable comparators. *See id.* at 934. Pereyra failed to provide sufficient evidence of such comparators. Were the district court to have considered the second prong of the minor-role analysis, Pereyra's vague descriptions of the shadowy figures with whom he associated during the drug transaction would have been insufficient to meet his burden.

In the drug courier context, we have set forth a non-exhaustive list of factors that the district court may consider in making the ultimate determination as to whether the defendant is entitled to a minor role reduction. *Id.* at 945. These factors are examined during the district court's two-step inquiry. *Id.* The factors include the amount of drugs he is carrying, their fair market value, the amount of money to be paid to the courier, any equity interest the courier might have in the drugs, the courier's role in planning the criminal scheme, and the courier's role in the distribution. *Id.* Although the district court did not expressly address each of these factors in this case, "a district court is not required to make any specific findings other than the ultimate determinations of the defendant's role in the

offense." *Id.* at 940.   In the final analysis, the decision of whether a drug courier qualifies for a minor-role reduction "falls within the sound discretion of the trial court." *Id.* at 945.  Pereyra has failed to demonstrate that the court committed clear error in its ultimate determination that he was not entitled to a minor-role sentencing reduction.  Accordingly, the sentence is

**AFFIRMED.**